IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER A. GOODVINE and MATTHEW
LABREC,

                      Plaintiffs,

    v.

DANIEL LAVOIE, DR. MURPHY, DR. RIBAULT, MS.
KRAMER, MS. BLOCK, MS. FOFANA, RACHEL
SNOW, KWEA HAASE, ROSE HOWELL, and
DENISE VALERIUS,

                      Defendants.

OPINION and ORDER

22-cv-284 -jdp

---

Pro se plaintiffs Christopher Goodvine and Matthew Labrec have filed a complaint in which they challenge their medical care at Columbia Correctional Institution. They also move for preliminary injunctive relief. I conclude that Goodvine and Labrec's claims are improperly joined, so I will sever them under Federal Rule of Civil Procedure 20 and this court's inherent authority. Their claims will be screened under 28 U.S.C. § 1915A and § 1915(e)(2) in separate orders.

ANALYSIS

Multiple plaintiffs may join their claims in one lawsuit if both plaintiffs assert a "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Multiple defendants may be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The court may deny joinder under Rule 20 if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863–64 (7th Cir. 2018). And even if multiple plaintiffs satisfy Rule 20, the court retains discretion to sever claims and parties under Rule 21. *Id.* More generally, "district courts [have] considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *Id.*

Plaintiffs' claims in this case may include some common questions of law and fact. Both plaintiffs wish to be prescribed gabapentin for pain (Goodvine but not Labrec asks for Lyrica as an alternative), and both contend that the Wisconsin Department of Corrections has an unconstitutional policy of allowing defendant Daniel Lavoie, the medical director, to override prescriptions for gabapentin and other medications. But plaintiffs' claims don't belong in the same lawsuit because they arise out of a different series of occurrences, and there are too many differences between the two plaintiffs' allegations, including the following:

- **Different medical conditions**: Goodvine alleges that he has plantar fasciitis, Morton's neuroma, and radiculopathy and neuropathy in his arms, Dkt. 1, ¶ 13; Labrec alleges that he has pain in his right hand from breaking the hand in 2016, myofascial pain, degenerative disc disease, and pain in his left leg and buttock, *id.*, ¶ 60.

- **Different healthcare providers:** Goodvine alleges that Dr. Murphy discontinued his gabapentin, in consultation with Lavoie, *id.*, ¶¶ 21–24, and that the health service unit managers (defendants Block and Fofana) and a nurse (defendant Rachel Snow) refused to intervene; Labrec alleges that Dr. Ribault discontinued his gabapentin without consulting with Lavoie, *id.*, ¶ 64, and LaBrec was then treated by nurse practitioner Kramer, *id.*, ¶ 70. Murphy didn't begin treating Labrec until late 2021, more than a year after his gabapentin had been discontinued. *Id.*, ¶ 71.

- **Different reasons for being taken off gabapentin**: Goodvine was told that he was being taken off gabapentin because of suspicion that he had been "diverting" the drug, *id.*, ¶¶ 21–24; Labrec alleges that he was taken off gabapentin because Ribault believed he didn't need it, *id.*, ¶ 62. Labrec alleges that Murphy later refused to

2

prescribe it because Labrec had a normal EMG report and because Labrec had a history of substance abuse, *id.*, ¶ 71.

- **Different treatment histories**: Goodvine was prescribed meloxicam for his pain, *id.*, ¶ 26; Labrec was prescribed cortisone injections, *id.*, ¶ 69.

- **Different claims**: Goodvine alleges that he was deprived of Tylenol for two months because Murphy, Fofana, and four nurses (defendants Rachel Snow, Kera Haase, Rose Howell, and Denise Valerius) refused to correct an error in Goodvine's medical records regarding an overdose of another prisoner, *id.*, ¶¶ 45–50; LaBrec is not asserting that claim.

The bottom line is that allowing Goodvine and Labrec to join their claims wouldn't serve the interest of judicial economy, and it could lead to confusion and unnecessary complexity in managing the case. Plaintiffs have different medical conditions and different treatment histories, and their gabapentin prescriptions were discontinued for different reasons by different medical providers. Even if plaintiffs are correct that the medical director has too much authority over approving prescriptions, that won't mean that plaintiffs are entitled to a gabapentin (or Lyrica) prescription. That determination will depend on the individual medical circumstances of each plaintiff. Plaintiffs' own allegations show that their medical circumstances differ, so these cases should proceed separately.

ORDER

IT IS ORDERED that:

1. Plaintiff Christopher Goodvine and Matthew Labrec's claims are SEVERED.

2. Labrec's case will proceed under this case number. The clerk of court is directed to open a new case for Goodvine that includes the following defendants: Daniel Lavoie, Dr. Murphy, Ms. Block, Ms. Fofana, Rachel Snow, Kera Haase, Rose Howell, and Denise Valerius.

3. Defendants Block, Fofana, Snow, Haase, Howell, and Valerius are DISMISSED from this case because Labrec hasn't asserted any claims against them.

4. The claims of each plaintiff will be screened in separate orders.

Entered June 7, 2022.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge