IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER A. GOODVINE,

    Plaintiff,

v.

DR. DANIEL LA VOIE and
DR. JAMES MURPHY,

    Defendants.

OPINION & ORDER

Case No. 22-cv-319-wmc

---

A videoconference preliminary injunction hearing was held yesterday in the above-captioned matter; plaintiff appeared *pro se*; defendant Dr. Daniel LaVoie appeared by Assistant Attorney Generals Bradley Soldon and Gesina Carlson; defendant Dr. James Murphy appeared by Maria Schneider. The following opinion and order memorializes the current status of the preliminary injunction motion and other pending motions.

## BACKGROUND

Christopher Goodvine is incarcerated at Columbia Correctional Institution and pursuing Eighth Amendment deliberate indifference and Wisconsin negligence claims against Dr. LaVoie, the DOC's medical director, and Dr. Murphy, Goodvine's former physician at Columbia, for choosing medications to treat his neuropathy and foot conditions. Specifically, Goodvine claims that in October of 2021, Dr. LaVoie improperly terminated his gabapentin prescription under the misimpression that he had been diverting that medication. Similarly, Goodvine claims that Dr. Murphy prescribed him clearly inappropriate medication in October 2021, after Dr. LaVoie terminated his gabapentin

prescription and denied Dr. Murphy's request to prescribe Lyrica as a substitute for gabapentin. (Dr. Murphy's employment at Columbia ended in July of 2022.)

This case was screened to go forward in September of 2022, granting Goodvine leave to proceed against Dr. LaVoie for continuing to deny Dr. Murphy's requests to put Goodvine back on gabapentin or approve Lyrica as an alternative, and against Dr. Murphy for issuing an October 2021, alternative prescription that was allegedly improper. Goodvine also sought reconsideration of the denial of leave to proceed against Dr. LaVoie for his initial decision to terminate the gabapentin prescription. That motion was denied because LaVoie had information suggesting that Goodvine was not taking the gabapentin as prescribed and he was misusing the prescription, justifying the termination of the prescription. (Dkt. #20.) The order further concluded that it was not a constitutional violation to terminate the prescription without tapering since LaVoie believed that Goodvine did not have gabapentin in his system. (*Id.*)

OPINION

I.  Motions for Preliminary Injunction and Treatment (dkt. ##3, 7)

Goodvine filed a motion for a preliminary injunction along with his complaint, requesting that (1) his gabapentin prescription be reinstated, or (2) Dr. LaVoie approve him for a prescription of Lyrica. During the hearing the court: (1) took evidence on Goodvine's motion for a preliminary injunction, narrowing the potential relief to a liquid form of Lyrica; and (2) addressed all pending motions. The court gave defendant Dr. LaVoie until February 9, 2023, to notify the court whether, after reviewing the most recent

assessment by a pain management specialist, Goodvine will be allowed to receive Lyrica in liquid form.  (*See* dkt. #53-8.)

II.  **Motion for Protective Order (dkt. #15)**

Goodvine raised a concern that certain communications related to his claims were not included in the medical records possessed by the HSU, although he filed them with the court.  He asked that the court direct defendants to maintain his records and provide him a complete copy of his records, including all emails between Drs. LaVoie and Murphy, which Goodvine appears to possess already.  (Dkt. ##10-1, 16-1, 30-1.)  Moreover, he requested this protective order even before defendants were served.  As explained during the hearing, if Goodvine can identify gaps in his medical records, he should work with prison officials to locate the records he seeks before turning to the court.  Failing that, he should promulgate a formal discovery request.  Regardless, his present motion will be denied.

III.  **Motions to Supplement and Amend Complaint (dkt. ##30, 48):**

Goodvine seeks to proceed on a claim against Dr. LaVoie for the decision to terminate the gabapentin prescription in October of 2021.  This motion is denied as futile since Goodvine alleges that in October, when Dr. LaVoie terminated his gabapentin prescription, Dr. LaVoie believed that Goodvine was not taking that medication as prescribed.

According to Goodvine, Dr. LaVoie had reviewed his medical records and knew that Columbia staff had been stealing medications, so he should have known that Goodvine was taking his medication as prescribed and thus showed deliberate indifference in

3

terminating his prescription. But the email Goodvine refers to shows that Dr. LaVoie and Dr. Murphy discussed the import of the blood tests that Goodvine took in August and September 2021, suggesting at least at that time, Dr. LaVoie had reason to believe Goodvine had not been taking that medication. In addition, Goodvine's allegations about Dr. LaVoie's knowledge in October 2021 remain speculative. Finally, even if Dr. LaVoie had been wrong about Goodvine not taking the medication as prescribed, or worse diverting them to others, Goodvine's new allegations do not support an inference that Dr. LaVoie believed Goodvine was using the medication properly and terminated it anyway. Accordingly, Goodvine may not pursue any additional claim against Dr. LaVoie, and this motion to supplement is DENIED.

In his second motion to supplement, Goodvine seeks to add a claim that his medical records were improperly disclosed to Dr. Murphy and by Dr. Murphy, after his employment with the DOC ended on July 15, 2022. (Dkt. #48.) Goodvine seeks to proceed on a claim against Dr. Murphy under Wisconsin law related to that disclosure. However, Dr. Murphy's alleged use of Goodvine's records after his employment ended is not related to Dr. Murphy's treatment of Goodvine in October of 2021, so this motion asking the court to exercise supplemental jurisdiction of this state law claim will also be DENIED.

IV. Motions in Response to Dr. LaVoie's Submissions (dkt. ##34, 35, 36, 45, 47, 50)

Goodvine filed several motions after defendant LaVoie submitted hundreds of pages of medical records in response to his motion for a PI. (Dkt. #24 and attachments.) In

4

particular, Goodvine asks that the court sanction defendants (dkt. #34), protect and prohibit ex parte communications (dkt. #35), and to rescind his authorization medical record authorization (dkt. #36).

    A.    **Motion for Sanctions (dkt. ##34, 45)**

This motion lacks merit. Goodvine seeks sanctions because Dr. LaVoie's counsel argued incorrectly in opposition to his motion for a preliminary injunction that a finding had been made by the DOC that Goodvine diverted his medication and did not complain about its diversion. As the court explained during the hearing, Goodvine is raising merits-based arguments, which is not sanctionable conduct, nor will the court assume that any misstatement was not an honest error by counsel. This motion is DENIED.

    B.  **Motion to Protect and Prohibit *Ex Parte* Communications (dkt. #35)**

This motion also lacks merit. Goodvine asks for an order prohibiting Dr. LaVoie from communicating with Dr. Murphy and any other health care professional that has treated him based on his interest in maintaining the confidentiality of his health records. However, Goodvine placed his need for medication to treat his neuropathy and foot conditions at issue in this lawsuit. Because Dr. LaVoie is entitled to defend Goodvine's claim against him, he may access Goodvine's medical records related to those conditions through the discovery process. Goodvine has not shown that LaVoie has attempted to obtain documents beyond those authorized. Goodvine also argues that LaVoie cannot be involved in his medical care because that is the subject of this lawsuit, but he is not entitled to that relief because LaVoie continues to be the DOC's medical director and Goodvine's

5

medical care requires his involvement. Indeed, in part, the very relief he is now seeking for gabapentin or Lyrica requires Dr. LaVoie's approval.

**C. Motion to seal and rescind authorization (dkt. #36):**

Goodvine points out that LaVoie appears to have filed hundreds of pages of irrelevant medical records (*see* Ex. 1000 (attachments to dkt. #24) at 245-54, 269-74, 377-91, 409-22, 996-1023). Although the records have been sealed, and LaVoie's position is that the records have been properly redacted, those redactions do not begin to cover all the irrelevant information to Goodvine's request for a preliminary injunction. This portion of the motion, therefore, is GRANTED, and those records will remain sealed. As the court explained during the hearing, if Goodvine wishes to rescind his medical authorization, litigating this case will become problematic because defendants are entitled to medical records related to his claims. This aspect of the motion is DENIED, although both defendants and their counsel were admonished to review only so much of his medical record as is relevant to his current claims or defenses to those claims, or at least likely to lead to discovery of relevant information.

**D. Motion to compel (dkt. #47)**

Because Dr. Murphy allegedly, improperly received Goodvine's private health information after his DOC employment ended and shared them with a third party, Goodvine asks that the court: (1) order Dr. Murphy to preserve and file all documents he possess related to Goodvine, and (2) order Dr. LaVoie to disclose all emails referring to

6

Goodvine's medical care. Accordingly, the court gave Dr. Murphy 10 days to respond to Goodvine's motion and RESERVED ruling on this motion.

V.  **Motions for Protective Order and to Compel (dkt. ##50, 54)**

Goodvine also seeks to limit the medical records Dr. Murphy may access going forward. (Dkt. #50.) However, Dr. Murphy's counsel agreed to forego seeking Goodvine's psychological records, and Dr. Murphy responded by filing his own motion to compel (dkt. #54). The court directed: (1) Goodvine to turn over a signed medical record authorization form, which he represented had already been mailed; and (2) Dr. Murphy's counsel to limit review and use of Goodvine's medical records to issues pertaining to this case. So Goodvine's motion for protective order is GRANTED in part and DENIED in part.

ORDER

IT IS ORDERED that:

1) Defendant Dr. LaVoie has until **February 9, 2023,** to notify the court whether, after reviewing the most recent assessment by a pain management specialist, plaintiff Christopher Goodvine will be approved to receive Lyrica in liquid form. (*See* dkt. #53-8.) **At that time the court will take Goodvine's motion for a preliminary injunction under advisement. No further briefing will be accepted unless directed by the court**.

2) Plaintiff Christopher Goodvine's motions (dkt. ##15, 30, 34, 35, 45, 48, 50) are DENIED, as provided above.

7

3) Plaintiff's motion to seal and rescind authorization (dkt. #36) is GRANTED in part and DENIED as set forth above.

4) Plaintiff's motion to compel (dkt. #47) is RESERVED. Defendant Dr. Murphy has 10 days to respond to this motion.

5) Defendant Dr. Murphy's motion to compel (dkt. #54) is GRANTED as set forth above.

Entered this 27th day of January, 2023.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge