IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER A. GOODVINE,

    Plaintiff,

v.

DR. DANIEL LA VOIE and
DR. JAMES MURPHY,

    Defendants.

OPINION & ORDER

Case No. 22-cv-319-wmc

*Pro se* plaintiff Christopher Goodvine is incarcerated at Columbia Correctional Institution. He is pursuing Eighth Amendment deliberate indifference and Wisconsin state-law negligence claims against Dr. LaVoie, the DOC's medical director, and Dr. Murphy, Goodvine's former physician at Columbia, for their medication decisions related to his neuropathy and foot conditions. Specifically, Goodvine claims that in October of 2021, Dr. LaVoie improperly terminated his gabapentin prescription under the misimpression that Goodvine had been diverting that medication. Similarly, Goodvine claims that Dr. Murphy prescribed him ineffective medication in October 2021, after Dr. LaVoie terminated his gabapentin prescription and denied Dr. Murphy's request to prescribe Lyrica as a substitute for gabapentin. Dr. Murphy's employment at Columbia ended in July of 2022. The court recently resolved Goodvine's motion for a preliminary injunction, but Goodvine has three additional motions pending (dkt. ##47, 59, 64), which the court will deny in turn for the following reasons.

1

**Motion to compel (dkt. #47)**

Goodvine contends that multiple documents are missing or have not been produced in this case, and that Dr. Murphy improperly received Goodvine's private health information after his DOC employment ended on July 14, 2022, and then shared that information with a third party. Goodvine asks that the court: (1) order Dr. Murphy to preserve and file all documents he possesses related to Goodvine, and (2) order Dr. LaVoie to disclose all emails referring to Goodvine's medical care.

In response, Dr. Murphy represents that he does not have one of the forms Goodvine claims is missing, a DOC-3484 form that Goodvine submitted in February 2022. Dr. Murphy attests that he has no recollection of receiving such a form from Goodvine, and the DOC has taken the position that this form does not exist in Goodvine's medical file. Moreover, Goodvine does not have that form. Dr. Murphy explains that the purpose of that form is to permit inmates to request that a medical provider change information in his medical chart. Dr. Murphy suggests that the form is unnecessary because on March 17, 2022, Dr. Murphy wrote an addendum to Goodvine's record, showing that he corrected a mistake in Goodvine's records. Goodvine does not dispute Dr. Murphy's response, so the court has no reason to infer that Dr. Murphy possesses this document or needs to preserve it.

As for Goodvine's assertion that Dr. Murphy shared his confidential health information with a third party, Dr. Murphy explains that on July 14, 2022, he sent an email from his DOC email to Dr. LaVoie. Dr. Murphy copied his personal email address and his personal family law attorney to advise that attorney of his job termination. Dr.

2

Murphy explains that he sent the email hours after Dr. LaVoie had terminated him. Although the email chain did include Dr. Murphy's and Dr. LaVoie's exchange about Goodvine's medications, Dr. Murphy represents that he is unaware of any other individual who received the email besides his attorney, and that he has no other records related to Goodvine beyond those already filed in this case or those available to him and his counsel through Goodvine's authorization. Dr. Murphy is willing to provide a copy of the email chain to the court for review under seal. In reply, Goodvine just asks that the emails be disclosed.

The motion is granted in part and denied in part. It is granted insofar as, within two weeks of this order, both defendants must turn over to Goodvine any emails in their possession related to Goodvine's medical care from the year 2022. It is denied in all other respects because there is no indication that either defendant has failed to properly preserve records relevant to this case, and Dr. Murphy understands his obligation to keep Goodvine's records confidential.

**Motion for full access to medical records (dkt. #59)**

Goodvine asks that the court direct DOC officials to ensure that he has access to all his medical records. Goodvine represents that he has been informed by prison officials that he is no longer allowed access to medical records created by outside consultants and specialists. Goodvine claims this is harassment and retaliation. But Goodvine has not shown that (1) he does not possess those medical records or have access to them, or (2) he has submitted records requests to his outside consultants and specialists that have been denied. More importantly, Goodvine has not shown that either defendant in this case has

refused to respond to discovery requests related to those documents or otherwise engaged in conduct that would prevent Goodvine from litigating this case. Accordingly, this motion is denied.

**Motion to reconsider and reply (dkt. #64)**

Goodvine seeks reconsideration of the court's decision denying his request to add a state-law claim against Dr. Murphy related to the disclosure of his medical records. But Goodvine's claim against Dr. Murphy relates to his 2021 decision to prescribe Goodvine a medication that Goodvine insists was ineffective. His claim does not relate to Dr. Murphy's 2022 communications with Dr. LaVoie. For that reason and for the reasons already explained during the preliminary injunction hearing, the motion is DENIED.

ORDER

IT IS ORDERED that plaintiff Christopher Goodvine's motions (dkt. ##47, 59, 64) are DENIED.

Entered this 7th day of March, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge